UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION AT LONDON**

| | |
|---|---|
| BRENT E. GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. |
| v. ) | 16-cv-215-JMH |
| ) | |
| NANCY J. BERRYHILL, Acting ) | |
| Commissioner of Social ) | |
| Security, ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*

This matter is before the Court on the parties' cross-Motions for Summary Judgment (DE 17, 19, 21) on Plaintiff's appeal, pro se, of the Commissioner's denial of an application for disability insurance benefits.[1] The matter having been fully briefed by the parties is now ripe for this Court's review.

**I.**

In May 2013, Plaintiff filed his current application for Supplemental Security Income ("SSI"), alleging disability beginning August 19, 2008 (Tr. 152-63).[2] His application was denied at the initial levels of review and, after a de novo hearing, the ALJ issued an unfavorable decision on October 14,

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

[2] This is Plaintiff's fourth application for SSI. His three previous applications (Tr. at 38-89) were denied. The relevant time period for this application is from May 13, 2013, the date of the application at bar, through October 14, 2015. 20 C.F.R. § 416.335.

2015. (Tr. at 20-36.) The Appeals Council declined Plaintiff's request for review (Tr. 6-9), making the ALJ's decision the final agency decision for purposes of judicial review. 20 C.F.R. §§ 416.1481, 422.210(a). This appeal followed.

## II.

Plaintiff has presented no summation of the record evidence in his pleadings and has not objected to that presented by the United States. The Court has reviewed the record and concludes that the United States' summary accurately represents the material and will adopt it in large part in this memorandum opinion and order.

Plaintiff was 43 years old on the date of the ALJ's decision (Tr. 141). He has a high school education with vocational training in welding (Tr. 232). Plaintiff's past relevant work was as a truck driver (Tr. 232, 701). Plaintiff alleged he was disabled due to extreme anger, fainting, dizziness, leg swelling, depression, chest pain, back pain, a cardiac condition, and kidney disease (Tr. 231).

Plaintiff had treatment for various conditions including kidney disease, heart disease, back pain, and mood disorder (Tr. 246, 251-78, 281-99, 381-88, 450-94, 523-29, 530-44, 587-617). In March 2012, an x-ray documented early degenerative changes in Plaintiff's low back but no disc herniations or changes of spinal stenosis (Tr. 243). Cardiologist Ashwani Anand, M.D.,

treated Plaintiff with medication management and regular follow up visits (Tr. 244-50, 279-97). He regularly found Plaintiff had normal heart rate and rhythm with no clicks, murmurs, or rubs; normal respiratory effort with no increased work of breathing or signs of respiratory distress and clear lungs; normal muscle strength, gait, and range of motion; and normal mood and affect (Tr. 246, 282, 285, 289, 295).

Sayed K. Hasni, M.D., treated Plaintiff for kidney disease also with medications and routine follow up (Tr. 381-88, 587-617). Treatment notes showed Plaintiff generally denied having any anxiety, mood changes, difficulty breathing or shortness of breath, numbness, or weakness (Tr. 589, 593, 597, 601, 605, 609, 611, 621). Examinations consistently showed he was alert, oriented to time and place, and not in acute distress and had either 1+ or 2+ pitting edema but otherwise normal cardiovascular, vascular, and neurological findings, along with normal gait (Tr. 589-90, 593-94, 597-98, 601- 02, 605-06, 609-10, 612).

In connection with his current application for benefits, Plaintiff underwent physical and psychological consultative examinations in July and August 2013, respectively. Robert L. Nold, M.D., found Plaintiff had limitation of neck and shoulder motion, a fine tremor in both hands, and discoloration of his lower legs, but normal muscle bulk and tone and full (5/5) grip

strength (Tr. 300). Plaintiff had decreased (3/5) strength in his legs, but he had a normal gait and did not use a cane or have a limp (Tr. 301). Dr. Nold opined that Plaintiff was limited to lifting 20 to 25 pounds occasionally and five to 10 pounds frequently. He thought Plaintiff could stand for an hour at a time and for four hours in an eight-hour workday, and that kneeling may be somewhat difficult (Tr. 302).

Crystal Sahner, Psy.D., found Plaintiff performed poorly on the mental status examination. He did not know the date and the year and his performance on the concentration tasks was so poor he had to be asked to concentrate harder (Tr. 312). Plaintiff relied on his wife to provide more of the history and information, although at times, Plaintiff intervened and indicated what she was saying was not correct. Plaintiff presented as mildly agitated and indicated he had very angry thoughts. He had an adequate fund of information and demonstrated normal abstract thinking and intact reality testing (Tr. 313). Dr. Sahner noted that Plaintiff's effort was inconsistent during the examination as there were times when he responded quickly and did not appear to put too much effort into the response and other times when his response appeared to be adequate and genuine (Tr. 314). Dr. Sahner assessed mood disorder and polysubstance dependence in remission and assigned a GAF score of 50 to 51. She opined that Plaintiff had adequate

ability to understand, remember, and carry out instructions towards the performance of simple repetitive tasks, although there should not be a long delay between the onset of the task and the instruction (Tr. 314). Dr. Sahner thought Plaintiff's ability to interact appropriately with others in a workplace setting was markedly affected due to irritability, impulsivity, and personality issues and his ability tolerate stress and pressure of employment was markedly affected due to difficulties with mood and impulse control. She indicated that Plaintiff's ability to sustain attention and concentration towards the performance of simple repetitive tasks was moderately affected (Tr. 315).

State agency medical consultants reviewed Plaintiff's medical records and provided opinions about Plaintiff's mental and physical limitations. In September 2013, Lea Perritt, Ph.D., opined that Plaintiff was limited to simple tasks with infrequent changes in routine and work that involves only occasional interaction with others. She also thought Plaintiff should not work in a fast-paced environment (Tr. 378). Allen Dawson, M.D., also reviewed Plaintiff's records and assessed limitations consistent with a range of light work with additional postural and environmental restrictions (Tr. 367-73). In December 2013, psychologist Ed Ross, Ph.D., concluded that Plaintiff was restricted to simple tasks with infrequent changes

to routine and no exposure to fast paced environments with accommodates occasional contact with others (Tr. 497). P. Saranga M.D., assessed limitations consistent with a range of light work with additional postural and environmental limitations (Tr. 515-21).

At the hearing held on July 1, 2015, Plaintiff testified that he stopped working as a truck driver because he passed out at the wheel and caused an accident (Tr. 681). He said that he had extreme chest pain everyday along with numbness in his arms, and swelling in his legs. Plaintiff indicated that nitroglycerin eased his pain for a couple of hours (Tr. 685). He estimated that he could sit for 20 minutes at a time and stand for 20 minutes at a time (Tr. 687). Plaintiff thought he could lift no more than five to 10 pounds (Tr. 689). He testified that he showered only every three to four days because it caused his feet to swell and become discolored (Tr. 692). Plaintiff indicated that his wife did all the housework and cleaning. He reported that he had to lie down several times a day, three to four days a week because of fatigue and lightheadedness (Tr. 694-95).

Vocational expert Julian M. Nadolsky, Ed.D., testified in response to a series of hypothetical questions, one of which concerned an individual of Plaintiff's vocational profile who could do light work with additional environmental, postural, and

6

mental limitations (Tr. 706). The expert testified that the individual could do the unskilled light jobs of electrical accessories assembler, stamp pad finisher, folding machine feeder, and small products assembler (Tr. 707-08).

After a careful review of the record, the ALJ found that Plaintiff had severe mental and physical impairments, but that his complaints of disabling limitations were not consistent with the record as a whole (Tr. 31-32). The ALJ found Plaintiff had the residual functional capacity to do light unskilled work within the following parameters: no climbing ladders, ropes, or scaffolds; no more than occasional bending, stooping, kneeling, crouching, crawling, and climbing ramps and stairs; no concentrated exposure to vibration; no exposure to dangerous machinery or unprotected heights; simple tasks in a job environment characterized by infrequent changes, no fast paced production work, and no more than occasional interaction with others (Tr. 30). The ALJ acknowledged the previous ALJ's decision in 2013 and found that the medical evidence since then showed that Plaintiff had greater restrictions (Tr. 30-31). The ALJ relied on the vocational expert's testimony to find that Plaintiff could perform the unskilled light jobs of electrical accessories assembler, stamp pad finisher, folding machine feeder, and small products assembler (Tr. 36). Thus, the ALJ

7

determined Plaintiff was not disabled through the date of the decision (Tr. 36).

In connection with his request for review of the ALJ's decision, Plaintiff submitted to the Appeals Council additional treatment records from Dr. Hasni (Tr. 620-23, 630-31), and Dr. Anand (Tr. 641-55). He also submitted medical source statements from both doctors from 2010, in which they opined Plaintiff had disabling limitations (Tr. 632-42, 656-60).[3] These medical source statements were considered by previous ALJs in their decisions denying Plaintiff's claims (Tr. 54, 60-61 70, 76).

**III.**

In determining whether an individual is disabled, an Administrative Law Judge ("ALJ") uses a five step analysis:

1. An individual who is working and engaging in substantial gainful activity is not

---

[3] The Court sees no reason to engage with Griffin's concerns about documents missing from the administrative record. Assuming he refers to the documents that he attaches to his brief [DE 17-1 at 8-12], they are part of the Administrative Record in this case, even if these late-breaking items cannot be considered because they cannot be considered except in connection with a sentence six remand, which Plaintiff has not requested. (Tr. 636-40;)*see Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) ("Where a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is material." (citation omitted)). To the extent that Plaintiff has attached records to his brief that were not already in the record (Doc. 17-1, pages 4-7, 13-16) and has also submitted an additional pleading [DE 21], to which he attaches medical records dated in 2017 [DE 21-1 at 1-18], these records are not part of the administrative record and cannot be considered except in connection with a sentence six remand, which Plaintiff has not requested. *See Wyatt*, 974 F.2d at 685 ("Where a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is material." (citation omitted)). His request for relief in that docket entry [DE 21] will be denied.

> disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.
>
> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Hum. Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)).

## IV.

When reviewing a decision made by the ALJ, the Court may not "'try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility.'" *Ulman v. Comm'r of Soc. Sec.*,

9

693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). "The ALJ's findings are conclusive as long as they are supported by substantial evidence." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted). Substantial evidence "'means such relevant evidence as a reasonable mind might accept.'" *Foster*, 279 F.3d at 353 (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1991)).

**V.**

The Court understands Plaintiff's argument to be that the ALJ simply failed to assess the evidence properly and erred in determining that he was not entitled to benefits. Of course, the mere presence of medical impairments is insufficient to establish disability under the Act. Rather, a claimant must show that he had limitations which were severe enough to prevent him from engaging in substantial gainful activity and which persisted or were expected to persist for 12 or more continuous months. 20 C.F.R. § 416.909; *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002). The claimant bears the burden to prove disability. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The ALJ discussed the unremarkable examination findings in finding Plaintiff could perform a range of light work. Dr. Hasni consistently found Plaintiff was alert, oriented to time and place, and not in acute distress and had either 1+ or 2+ pitting

edema but otherwise normal cardiovascular, vascular, and neurological findings, along with normal gait (Tr. 525, 589-90, 593-94, 597-98, 601- 02, 605-06, 609-10, 612). Dr. Anand regularly found Plaintiff had normal heart rate and rhythm with no clicks, murmurs, or rubs; normal respiratory effort with no increased work of breathing or signs of respiratory distress and clear lungs; normal muscle strength, gait, and range of motion; and normal mood and affect (Tr. 246, 282, 285, 289, 295). When Plaintiff went to the emergency room in November 2013, he had no motor or sensory deficit, normal reflexes, normal range of motion in his extremities, normal heart rate and rhythm, and normal breath sounds with no respiratory distress (Tr. 480).

Against this backdrop, the ALJ evaluated the opinions from Dr. Nold and Dr. Sahner (Tr. 34). Notably, Drs. Nold and Sahner were examining doctors and opinions of examining sources are not entitled to controlling weight. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010). Given that Plaintiff's treating physicians regularly found he had normal gait and muscle strength, the ALJ reasonably rejected Dr. Nold's conclusion that Plaintiff was limited to standing and walking only four hours a day (Tr. 34, *see* Tr. 302). *See* 20 C.F.R. §§ 416.927(c)(3), (4) (ALJ must consider support for opinion and consistency with the record as a whole); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-30 (6th Cir. 1997) (An ALJ may discount a doctor's

11

opinion when the doctor's findings are not supported by objective medical evidence or are inconsistent with the record as a whole). Similarly, the ALJ found that Dr. Sahner's opinion that Plaintiff had marked difficulties with respect to interacting with others and tolerating stress (Tr. 34, *see* Tr. 315), were inconsistent with the treating doctor's findings that Plaintiff was alert, oriented, and cooperative with normal mood and affect (Tr. 246, 250, 282, 285, 289, 295,524, 601, 612). Plaintiff himself denied having mood changes and anxiety (Tr. 524, 589, 593, 597, 601, 605, 609, 611). *See* 20 C.F.R. § 416.927(c)(4) (stating an ALJ must consider whether an opinion is consistent with the record as a whole); *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439 (6th Cir. 2012) (unpublished) ("Any record opinion, even that of a treating source, may be rejected by the ALJ when the source's opinion is not well supported by medical diagnostics or is inconsistent with the record."). The ALJ also thought that inconsistencies in Dr. Sahner's examination results indicated that Plaintiff was exaggerating his difficulties, which further led the ALJ to doubt Dr. Sahner's opinion (Tr. 34, *see* Tr. 314). *See* 20 C.F.R. § 416.927(c)(4) (stating an ALJ must consider whether an opinion is consistent with the record as a whole).

Whether the Court agrees with the decision of the ALJ is of no consequence. There is substantial evidence to support the

decision, and the Court affirms it. *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. Apr. 4, 2005). Plaintiff has not articulated what substantial evidence exists to support his claim, but, even if he had, the Court would still affirm the Commissioner's decision because it is supported by substantial evidence. *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith*, 99 F.3d at 782 (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed).

Accordingly, **IT IS ORDERED**:

(1) That the Commissioner's Motion for Summary Judgment [DE 19] is **GRANTED**;

(2) That Plaintiff's Motion for Summary Judgment [DE 17] is **DENIED**; and

(3) That Plaintiff's Motion [DE 21], requesting additional relief with respect to the record in this matter is **DENIED.**

This the 6th day of April, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge